**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS LAREDO DIVISION**

| | | |
|---|---|---|
| **CARLOS ALONSO AND GUILLERMO ALONSO** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 5:23-CV-0009** |
| | § | |
| **JM TRANSPORTS AND REFUGIO PERES SOTO** | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs, CARLOS ALONSO AND GUILLERMO ALONSO, complaining of JM TRANSPORTS and REFUGIO PERES SOTO, Defendants, and for cause of action shows unto the Court the following:

**I. PARTIES**

1.     Plaintiffs, CARLOS ALONSO AND GUILLERMO ALONSO, are individual citizens of the State of Texas.

2.     Defendant, RODOLFO RODRIGUEZ PALACIOS, is a Mexican national citizen doing business in the State of Texas as JM TRANSPORTS and licensed by the United States Department of Transportation, Federal Motor Carrier Safety Administration ("FMCSA") to operate as a motor carrier in the United States. It may be served with process by serving its process agent under the Motor Carrier Act, JUAN MENCHACA at 8401 FM 3464, Laredo, Tx, 78045.

3.     Defendant, REFUGIO PERES SOTO, is a Mexican citizen who at all times material hereto was operating a motor vehicle in Texas, who at all times material hereto was

operating a commercial motor vehicle on public roadway in Texas. Accordingly, he may be served with process by serving: J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483.

4.    Upon request and payment of $25, together with two (2) copies of the citation and Complaint, the Chairman of the Texas Transportation Commission shall forward same to: REFUGIO PERES SOTO, 122 Calle Minotauro Colonia El Progreso, Nuevo Laredo, Tamaulipas, Mexico 88000.

## II. JURISDICTION AND VENUE

5.    This Court has diversity jurisdiction because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. 28 U.S.C. § 1332.

6.    Venue is proper in the Southern District of Texas, Laredo Division, because a substantial part of the events and omissions giving rise to the claim occurred in Laredo, Webb County, Texas. *See* 28 U.S.C. § 1391(b)(2).

## III. FACTS

7.    Defendant RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT is a motor carrier licensed by the FMCSA.

8.    In exchange for authority to operate 80,000-pound commercial motor vehicles on public roadways in the United States, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT certified in writing and under oath to the FMCSA, that:

   A.    it had in place a system for ensuring the overall compliance with the Federal Motor Carrier Safety Regulations ("FMCSR");

   B.    it had a place a driver safety training/orientation program;

   C.    it had in a system for overseeing driver qualification requirements;

D.     it had in place policies and procedures consistent with FMCSA regulations governing driving and operational safety of motor vehicles, including drivers' hours-of-service and vehicle inspection, repair, and maintenance; and

E.     it had in place a system for complying with the FMCSR governing alcohol and controlled substances testing requirements.

9.     In exchange for authority to operate 80,000-pound commercial motor vehicles on public roadways in the United States, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT also warranted to the FMCSA, that its drivers had knowledge of the FMCSR and of the traffic laws of the State of Texas.

10.    RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT knew that if it broke these promises it made to the FMCSA and if it failed to implement the safety management systems necessary to ensure compliance with the FMCSR(including the qualification of drivers) there would naturally and probably be preventable crashes resulting in injury and damage.

11.    Despite this knowledge, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT has repeatedly broken its promises to the FMCSA and violated the FMCSR.

12.    RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT failed to ensure that its drivers had knowledge of the FMCSR and of the traffic laws of the State of Texas.

13.    The FMCSA conducted multiple audits and inspections of RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT that reveal numerous violations of the FMCSR by RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT.

14.    In the *last two years alone*, inspections of RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's commercial motor vehicles recorded by the FMCSA have revealed that RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's drivers have been cited

several times for violating the FMCSR.

15.   According to the FMCSA, in the last *two years*, at least one of its drivers of RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT was cited for operating a tractor trailer in Texas without a Commercial Driver's License.

16.   At all times relevant to this lawsuit, REFUGIO PERES SOTO ("PERES SOTO") was acting within the course and scope of employment for RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT.

17.   Upon information and belief, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT violated the certified promises it made to the FMCSA in its application to operate commercial motor vehicles in the United States by failing to properly qualify PERES SOTO to drive and to train its driver, PERES SOTO.

18.   Had RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT properly qualified PERES SOTO, the crash would not have occurred. That is, had RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT not qualified PERES SOTO to drive its tractor trailer, this crash would not have occurred.

19.   Upon information and belief, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT violated the certified promises it made to the FMCSA in its application to operate commercial motor vehicles in the United States by not adopting and enforcing policies and procedures to ensure that its drivers operated tractor trailers in a safe manner.

20.   RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT had actual, subjective awareness that the driver safety training program was inadequate, creating an extreme degree of risk, considering the probability and magnitude of the potential harm to the motoring public.

21.   Despite RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT had actual,

subjective knowledge of the extreme degree of risk created by its inadequate driver safety training and qualification programs, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT proceeded with conscious indifference to the rights, safety, and welfare of the motoring public by continuing to put unqualified, inadequately trained drivers behind the wheel.

22.    RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT hired PERES SOTO, who was an unfit, unsafe, and untrained driver.

23.    RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT did not adequately train and qualify PERES SOTO before putting him behind the wheel of a tractor-trailer.

24.    The industry standard for motor carriers is to discourage tractor-trailer drivers from following too close another vehicle.

25.    The industry standard for motor carriers is to ensure, through training and monitoring, that their drivers know following too close another vehicle is dangerous and should be avoided.

26.    RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT had actual, subjective awareness that a driver following too close another vehicle on a public roadway creates an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

27.    RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's actual, subjective knowledge of the extreme degree of risk involved when following too close another vehicle came, in part, from its knowledge of other motor carriers' drivers causing crashes when following too close another vehicles.

28.    Despite RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's actual,

subjective knowledge of the extreme degree of risk associated with following vehicles too close, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT acted with conscious indifference to the rights, safety, and welfare of others by putting drivers (including PERES SOTO) behind the wheel without ensuring that the drivers understood why following other vehicles too close is dangerous and understood that that practice should be avoided.

29. The industry standard for motor carriers is to ensure that their drivers know never to follow too close to another vehicle because it is dangerous and it is not a safe manner to operate a commercial vehicle.. This industry standard is set out in the model Commercial Driver License Manual, each state's commercial driver license manual, the United States Department of Transportation's Preventable Accident Manual, and numerous other publications.

30. RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's ~~vice-principals~~ had actual, subjective knowledge of the extreme degree of risk associated with a commercial vehicle or any other kind of vehicle following too close another vehicle.

31. Despite RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's actual, subjective knowledge of the extreme degree of risk associated with following too close another vehicle, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT acted with conscious indifference to the rights, safety, and welfare of others by putting drivers (including PERES SOTO) behind the wheel without ensuring that the drivers understood the dangers of following too close another vehicle.

32. Despite RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's actual, subjective knowledge of the extreme degree of risk associated with following too close

another vehicle, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT acted with conscious indifference to the rights, safety, and welfare of others by failing to ensure that RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's drivers (including PERES SOTO) knew to never follow to close another vehicle.

33.    The industry standard for motor carriers is to ensure that drivers have the knowledge and skills needed to scan the road ahead, see oncoming vehicles and other potential hazards, and leave a safety distance between their own vehicle and the one in front of them to avoid a collision.

34.    RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT had actual, subjective knowledge of the extreme degree of risk associated with a driver who lacks the knowledge and skills needed to scan the road ahead, see oncoming vehicles and other potential hazards, and leave a safety distance between their own vehicle and the one in front of them to avoid a collision.

35.    Despite RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's actual, subjective knowledge of the extreme degree of risk associated with drivers who lack the required knowledge and skills, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT acted with conscious indifference to the rights, safety, and welfare of others by failing to ensure that RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's drivers (including PERES SOTO) had the knowledge and skills needed to scan the road ahead, see oncoming vehicles and other potential hazards, and leave a safety distance between their own vehicle and the one in front of them to avoid a collision.

36.    As a result of RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's failure to train its drivers and implement adequate policies and procedures, RODOLFO

RODRIGUEZ PALACIOS DBA JM TRANSPORT and its drivers were convicted of numerous violations of the FMCSR.

37. On or about October 15, 2021, PERES SOTO was operating a tractor trailer for RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT in Laredo, Webb County, Texas.

38. Due to RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's inadequate training and qualification of PERES SOTO, PERES SOTO chose to follow extremely close the plaintiff's vehicle.

39. PERES SOTO chose to not leave a safe distance between the tractor trailer that he was driving and the plaintiff's vehicle.

40. Due to RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's inadequate training and qualification, PERES SOTO did not know that it was dangerous to follow to close another vehicle.

41. Due to RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's inadequate training and qualification, PERES SOTO did not fully appreciate the danger of following to close another vehicle.

42. Due to RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's inadequate training and qualification, PERES SOTO did not know that he should never follow to close another vehicle.

43. Due to RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's inadequate training and qualification, PERES SOTO failed to scan the road ahead, see oncoming vehicles and other potential hazards, and leave a safely distance between the tractor trailer that he was operating and the vehicle in front of him.

44. Plaintiffs GUILLERMO ALONZO III AND CARLOS ALFREDO ALONZO were

traveling together in a vehicle, in front of the defendant's tractor trailer in a safe manner.

45.   Plaintiffs' vehicle was visible to PERES SOTO, yet PERES SOTO decided to follow them from an unsafe distance.

46.   GUILLERMO ALONZO III, the driver, slowed down to merge into the center lane in a safe manner, using the vehicle's signals.

47.   PERES SOTO failed to slow down and failed to leave a safe and prudent distance between the vehicles.

48.   The tractor trailer that PERES SOTO was operating for RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT collided from the back with Plaintiffs GUILLERMO ALONZO III AND CARLOS ALFREDO ALONZO.

49.   Pleading in the alternative, if PERES SOTO did know that it was dangerous to follow too close another vehicle, then he acted with conscious indifference to the rights, safety, and welfare of GUILLERMO ALONZO III AND CARLOS ALFREDO ALONZO when he follow them on October 15, 2021, impacting their vehicle from behind.

50.   Pleading in the alternative, if PERES SOTO knew the danger of following to close another vehicle on a public roadway, then he acted with conscious indifference to the rights, safety, and welfare of GUILLERMO ALONZO III AND CARLOS ALFREDO ALONZO when he follow them on October 15, 2021, impacting their vehicle from behind.

51.   The crash caused Plaintiffs severe and permanent bodily injuries.

52.   The manner in which the collision occurred (failure to leave a safe and prudent distance between vehicles) is consistent with fatigue, violations of the hours-of-service regulations, and distracted driving.

53.   Upon information and belief, PERES SOTO was distracted by an electronic device,

fatigued, and/or operating the vehicle in violation of the hours-of-service regulations set out in Part 395 of the FMCSR.

54. Had RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT trained PERES SOTO on the dangers of driving while fatigued, the hours-of- service rules, and the hazards of distracted driving, the crash would not have occurred.

55. Had RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT implemented policies and procedures to monitor and audit drivers' hours-of- service, it would have caught PERES SOTO's unsafe driving practices. RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT then could have taken remedial action that would have prevented this crash.

56. Defendants are jointly responsible for the safe operation of the tractor-trailer at issue.

## IV.    CAUSES OF ACTION

## NEGLIGENCE OF DEFENDANT PERES SOTO

57. Plaintiff hereby incorporates paragraphs 7 - 65 as if fully set forth herein.

58. PERES SOTO had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances like those described herein.

59. Plaintiff's damages were proximately caused by PERES SOTO's breach and negligent disregard of said duty. The breach and negligent disregard of the duty consisted of, but is not limited to, the following acts and omissions:

    A.    Operating a vehicle in careless manner and/or in violation of the Texas Transportation Code;

    B.    Failing to leave a safe and prudent distance from the vehicle traveling in front of the defendant;

    C.    Failing to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

D.    Failing to maintain a clear and reasonable distance between RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's tractor trailer and other traffic on the roadway, including Plaintiffs' motor vehicle;

E.    Failing to control the operation of his vehicle;

F.    Failing to avoid the crash in question;

G.    Failing to operate his vehicle in a safe and prudent manner;

H.    Failing to keep a proper lookout for other vehicles using the roadway;

I.    Driver inattention;

J.    Violating the terms and provisions of Texas Transportation Code, the Texas Driver's Handbook, and the Texas Commercial Motor Vehicle Drivers' Handbook;

K.    Driving while fatigued in violation of FMCSR 392.3;

L.    Driving in violation of the hours-of-service regulations set out in part 395 of the FMCSR;

M.    Driving while distracted;

N.    Other acts of negligence and/or negligence *per se*; and

O.    Any other acts of negligence discovered and to be shown at the time of trial.

60.    Each of the foregoing acts and omissions, whether taken singularly or in combination, constituted a breach of PERES SOTO's duty and was a proximate cause of the collision made the basis of this cause of action and the injuries and damages suffered by Plaintiffs.

61.    The damages that Plaintiff was caused are the types of harm that the above statutes are intended to prevent. Plaintiff is a member of the class of people these statutes were enacted to protect. Such violations of statutes, as identified herein amount to negligence

*per se* and are a proximate cause of the occurrence in question.

62.     Defendant PERES SOTO knew that his conduct (including driving while fatigued, violating the hours-of-service regulations, and/or distracted driving) would naturally and probably result in injury or damage. Nevertheless, PERES SOTO continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred. Thus, PERES SOTO is liable for punitive damages.

## NEGLIGENCE OF DEFENDANT RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT

### (Vicarious Liability)

63.     Plaintiff hereby incorporates paragraphs 7 - 65 as if fully set forth herein.

64.     At all times material hereto, PERES SOTO was in the course and scope of his employment for RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT.

65.     Because PERES SOTO was acting in the course and scope of employment with RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT when the crash occurred, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT is vicariously liable to Plaintiff under the doctrine of *respondeat superior* and/or the statutory employment doctrine.

### (Direct Liability)

66.     Plaintiff hereby incorporates paragraphs 7- 65 as if fully set forth herein.

67.     RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT was negligent in hiring and/or qualifying PERES SOTO to operate its tractor trailer.  This negligence was a proximate cause of the crash and Plaintiff's damages.

68.     RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT was negligent in failing

to monitor, train, educate, direct, set policy, or give guidance to its drivers, including PERES SOTO, regarding:

A.  The safe operation of commercial motor vehicles;

B.  Distracted driving;

C.  Fatigue (including the dangers of fatigue, recognizing fatigue, and avoiding fatigue);

D.  The hours-of-service rules set out in Part 395 of the FMCSR;

E.  The dangers of unprotected left turns;

F.  That tractor-trailer drivers should avoid following other vehicles from an unsafe distance; and

G.  Seeing and hazard perception.

69.  RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT undertook to provide training to its drivers about the FMCSR and the traffic laws of the State of Texas. RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT was negligent in its undertaking and it neglected to provide its drivers (including PERES SOTO) with instruction about avoiding following other vehicles from an unsafe distance. This negligence was a proximate cause of Plaintiff's injuries and damages.

70.  RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT certified to the FMCSA in writing and under oath, that it had a system for qualifying drivers. RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT violated this promise when it failed to properly qualify and/or hire PERES SOTO. This negligence was a proximate cause of Plaintiff's injuries and damages.

71.  RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT certified to the FMCSA

in writing and under oath, that it had a driver training program when it applied to operate commercial motor vehicles in the United States. RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT violated this promise when it failed to train PERES SOTO. This negligence was a proximate cause of Plaintiff's injuries and damages.

72.    The FMCSA has provided guidance on what actions motor carriers must take to assure safe operations and compliance with the FMCSR. This guidance includes the CSA Safety Management Cycle, a document made available to RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT and other motor carriers licensed by the FMCSA. The CSA Safety Management Cycle discusses the necessity for policies, procedures, training, communication, monitoring, and meaningful action by motor carriers like RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT. RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT negligently failed to implement the FMCSA's guidance, as evidenced by its multiple violations and this crash.

73.    The FMCSR also require training. Section 390.3(e)(2) requires, "Every driver and employee involved in motor carrier operations shall be instructed regarding, and shall comply with, all applicable regulations contained in this subchapter." FMCSR 392.1(a) requires, "Every motor carrier, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers, shall be instructed in and comply with the rules in this part." RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT was negligent and negligence *per se* in failing to train its drivers, including PERES SOTO, in violation of FMCSR 390.3(e)(2) and 392.1(a). Upon information and belief, RODOLFO RODRIGUEZ PALACIOS DBA JM

TRANSPORT was negligent in:

A.    Failing to establish and enforce policies and procedures regarding unsafe driving and the hours-of-service regulations;

B.    Failing to audit drivers' logs, supporting documents, and hours-of-service;

C.    Permitting violations of the FMCSR, including but not limited to the hours-of-service regulations set out in Part 395;

D.    Aiding and abetting violations of the hours-of-service regulations set out in Part 395 of the FMCSR;

E.    Failing to establish and enforce policies and procedures necessary to ensure driving safety, including policies prohibiting following vehicles from an unsafe distance and policies prohibiting following vehicles from an unsafe distance, and;

F.    Failing to take action to remedy the problems with its safety management systems
(including training, policies, and procedures) after receiving multiple alerts from the FMCSA SMS system, and communications from the FMCSA regarding the safety issues at the company.

74.    RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT was also negligent in its hiring and/or qualification of PERES SOTO to operate a commercial motor vehicle in the United States.

75.    RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT had a duty dictated by the FMCSR to hire only qualified drivers to operate its tractor trailers.

76.    RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT breached its duty to hire only qualified drivers to operate its tractor trailers. In particular, PERES SOTO's lack of experience, training, and education revealed him to be a dangerous driver for the purposes of operating commercial motor vehicles.

77.    RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT's negligent qualification and/or hiring of PERES SOTO to operate a commercial motor vehicle was a proximate cause of injuries

to Plaintiff.

78.    Each of the acts and omissions set out in the preceding paragraphs were direct and proximate causes of the collision and Plaintiff's damages.

### (Gross Negligence)

79.    Plaintiff hereby incorporates paragraphs 7 – 65 as if fully set forth herein.

80.    RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT knew that his acts and omissions would naturally and probably result in extreme harm, including injury and damages to others. Nevertheless, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT continued the conduct with malice or in reckless disregard of the consequences, from which recklessness and/or malice may be inferred. Thus, RODOLFO RODRIGUEZ PALACIOS DBA JM TRANSPORT is liable for punitive damages.

### V. DAMAGES

81.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused bodily injuries and incurred the following damages:

A.    Past medical expenses;

B.    Future medical expenses;

C.    Physical pain in the past;

D.    Physical pain that, in all reasonable probability, he will experience in the future;

E.    Physical impairment in the past;

F.    Physical impairment that, in all reasonable probability, will be endured in the future;

G.    Disfigurement in the past;

H.    Disfigurement that, in all reasonable probability, he will experience in the future;

I.      Mental anguish in the past;

J.      Mental anguish that, in all reasonable probability, he will experience in the future;

K.      Loss of earning capacity in the past;

L.      Loss of earning capacity that, in all reasonable probability, will be incurred in the future; and

M.      Punitive damages.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon a final hearing of this action, judgment will be entered for the Plaintiffs and against Defendants, jointly and severally, for damages in an amount exceeding the jurisdictional minimum of the Court, together with punitive damages, pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other relief to which they may find themselves entitled at law or in equity.

Respectfully submitted,

*/s/ Juan Carlos Duron*
Juan Carlos Duron
Bar No. 24116310
CANTU LAW, PLLC
1124 Palma Vista Dr.
Palmview, Texas 78572
Telephone: (956) 600-7488
Facsimile: (956) 628-8910
jcduron.cantulaw@gmail.com

**COUNSEL FOR PLAINTIFFS,
GUILLERMO ALONZO III AND
CARLOS ALFREDO ALONZO**

PLAINTIFF DEMANDS TRIAL BY JURY